UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL F. S.,[1]
(A-Number: 078-505-686)

Petitioner,

v.

CRUZ, *et al.*,

Respondents.

Case No. 1:26-cv-05895-JLT-FJS (HC)

ORDER TO RESPOND

ORDER SETTING BRIEFING SCHEDULE

ORDER TO ELECTRONICALLY FILE TRANSCRIPTS AND OTHER NECESSARY DOCUMENTS

TWENTY-ONE (21) DAY DEADLINE

Petitioner Angel F. S. ("Petitioner") is a federal immigration detainee proceeding through counsel and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

The court has conducted a preliminary review of the petition. Petitioner alleges that U.S. Customs and Immigration Enforcement has violated the Immigration and Nationality Act based on Petitioner's pre-order detention since June 19, 2026. (*See* ECF No. 1.)

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-lsuggestion_cacm_0.pdf.

It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the court HEREBY ORDERS:

1. Within TWENTY-ONE (21) days of the date of service of this order, Respondents SHALL FILE a RESPONSE to the Petition, including the statutory basis for Petitioner's detention, and addressing whether this case is distinguishable from recent analogous cases in which this court has granted habeas relief. *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[3] A response can be made by filing one of the following:

    A. An ANSWER addressing the merits of the Petition. If Respondents argue that Petitioner has procedurally defaulted a claim, that argument shall be made in the ANSWER. But any argument based on procedural default must also be coupled with a response addressing the merits of the claim asserted.

    B. A MOTION TO DISMISS the Petition.

2. Within TWENTY-ONE (21) days after service of this order, Respondents SHALL FILE all transcripts or other documents necessary for the resolution of the issues presented in the Petition. *See* Rule 5(c), Rules Governing Section 2254 Cases. The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondents shall not file a hard copy of the transcripts or other documents unless the court so orders.

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

[3] *See also Schwarz v. Meinberg*, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

3. If Respondents file an answer to the Petition, Petitioner MAY FILE a traverse within FOURTEEN (14) days of the date of service of Respondents' answer. If no traverse is filed, the Petition and answer are deemed submitted at the expiration of the fourteen days. *See* Local Rule 230(l).

4. If Respondents file a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within FOURTEEN (14) days of the date of service of Respondents' motion. Any reply to an opposition to the motion to dismiss SHALL be filed within SEVEN (7) days after the opposition has been filed in CM/ECF. The motion to dismiss will be deemed submitted when the time to reply has expired.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the court. Local Rule 230(l). The parties should consider these dates to be firm. If any party requires additional time, it should file a motion for amendment of the schedule before a deadline has passed and explain in detail why the party cannot comply with this schedule. Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 apply to this order.

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE